**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HOSBIN GONZALEZ,[1]

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No. 2:26-cv-00774-APG-EJY

**Order Granting Petitioner's (1) Amended Petition for Writ of Habeas Corpus and (2) Motion to File Supplemental Authority**

[ECF Nos. 18, 22]

Petitioner Hosbin Gonzalez is a citizen of Nicaragua and entered the United States in September 2022. ECF Nos. 18-1 at 1-2; 19 at 00:40-:49. At that time, United States Border Patrol processed Gonzalez and released him into the United States on parole. ECF Nos. 18-1 at 2; 19 at 01:18-02:05. In February 2024, Gonzalez was convicted of misdemeanor driving under the influence of alcohol and/or controlled or prohibited substance. ECF No. 18-4. Almost two years later on January 21, 2026, Gonzalez was arrested for misdemeanor domestic battery, but the district attorney declined to charge him with the offense. ECF No. 18-5. Immigration and Customs Enforcement (ICE) detained Gonzalez and issued him a notice to appear on January 23, 2026. ECF Nos. 18-1 at 2; 18-6.

The form I-213 and notice to appear allege Gonzalez was a noncitizen present in the United States who did not possess a valid visa under § 212(a)(7)(A)(i)(I) of the Immigration and Naturalization Act (INA).[2] ECF Nos. 18-1 at 3; 18-6 at 4. On March 12, 2026, Gonzalez

---

[1] The petitioner identifies his full name as Hosbin Gonzalez Mendez. The record identifies his name as Hosbin Joan Gonzalez Mendez. ECF No. 18-1 at 1.

[2] That provision states in full: "Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission . . . who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the

appeared before an immigration judge (IJ), who found Gonzalez inadmissible under INA § 212(a)(7)(A)(i)(I) and ordered him removed to Nicaragua. ECF No. 18-3 at 1, 3. The IJ also denied Gonzalez a bond hearing on the merits because he was "charged as an arriving alien" and "taken into custody, processed, and released with parole." ECF Nos. 19 at 02:27-04:37; 20 at 11. Gonzalez filed an appeal with the Board of Immigration Appeals (BIA), which is pending. ECF Nos. 18 at 5; 20 at 2.

Gonzalez filed this amended petition for a writ of habeas corpus, seeking his immediate release or an individualized bond hearing in the alternative. He claims that his mandatory detention pending removal proceedings violates the INA. Specifically, Gonzalez argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Gonzalez also argues that his mandatory detention violates his Fifth Amendment procedural and substantive due process rights. The respondents contend that Gonzalez is properly detained under § 1225(b)(2) and as an arriving alien under 8 C.F.R. § 1003.19(h). The respondents argue that under either scenario, the IJ lacked jurisdiction to grant Gonzalez a bond hearing. They also argue that Gonzalez's detention does not violate due process and that he failed to exhaust administrative remedies.

## I. DISCUSSION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

---

regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible." 8 U.S.C. § 1182(a)(7)(A)(i).

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

"[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226." *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Section 1226(a)'s implementing regulations entitle those noncitizens to an initial custody determination by an ICE officer so long as they have not committed an enumerated criminal offense. 8 U.S.C. §§ 1226(a), (c); 8 C.F.R. § 236.1(c)(8). If the ICE officer decides to detain the noncitizen, the noncitizen may request an individualized custody redetermination hearing before an IJ. 8 C.F.R § 236.1(d)(1).

On the other hand, § 1225(b)(2)(A) "applies to unadmitted aliens seeking entry into the United States at the border." *Rodriguez Vazquez*, 2026 WL 2196424, at *7. Section 1225(b)(2)(A) mandates detention of "an alien who is an applicant for admission . . . if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" while removal proceedings occur. An applicant for admission is "[a]n alien present in the United States who has not been admitted or who arrives in

the United States." *Id.* at § 1225(a)(1). Noncitizens detained under § 1225 do not receive custody redetermination hearings while detained but may be released into the country on parole under 8 U.S.C. § 1182(d)(5)(A). *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).

**A. Gonzalez is detained under § 1226(a).**

The parties dispute whether 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a) applies here. I have ruled on this question recently in *Luquez v. Blanche, et al.*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 (D. Nev. Aug. 17, 2026).[3] I reaffirm my decision in that case that a petitioner detained within the interior of the United States must be presently seeking admission to be detained under § 1225(b)(2)(A), even if released into the country on parole. *Id.* at 4-5.

Because Gonzalez is not currently "seeking admission," § 1225(b)(2)(A) cannot govern his detention. *Rodriguez Vazquez*, 2026 WL 2196424, at *3, 11. His status as a paroled noncitizen does not change that.[4] Gonzalez must satisfy all of § 1225(b)(2)(A)'s elements for that statute to mandate his on-going detention today, but he is not presently "seeking admission." *Moya v. Bondi*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *4-7 (D. Nev. May 27, 2026). Section 1225(b)(2)(A) mandates the detention of applicants for admission who are "seeking admission." The Ninth Circuit has rejected the government's interpretation that an applicant for admission is necessarily seeking admission. *Rodriguez Vazquez*, 2026 WL 2196424 at *12-18. Instead, "seeking admission" has "independent meaning." *Id.* at 11. It refers to those who are "engaged in the affirmative process of attempting to gain entry into the country, which an alien does at the border." *Id.* (quotations omitted). Noncitizens "present in the interior of the

[3] That order was issued after the parties completed briefing in this case.

[4] The government contends Gonzalez was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), but neither party provides evidence to show what statute Gonzalez was paroled under. My decision does not turn on what type of parole Gonzalez received.

United States" do not "remain[] in the perpetual state of seeking admission." *Id.* at *14. Instead, seeking admission refers to "someone actively doing something" at a "particular point in time." *Id.* at *11, 14. Though Gonzalez may be legally at the border under the entry fiction, he was not physically at the border and actively trying to enter the country when he was detained. *Moya*, 2026 WL 1481604, at *5, 7; *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (describing the entry fiction as a legal doctrine where inadmissible noncitizens who were detained upon entry and then paroled into the United States have not "entered" the country). The government has not otherwise argued how Gonzalez is currently seeking admission. Therefore, § 1225(b)(2)(A) does not justify his detention.

Because Gonzalez was detained within the country and is not "seeking admission," he is detained under § 1226(a). *Rodriguez Vazquez*, 2026 WL 2196424, at *3. Accordingly, he is and has been entitled to a bond hearing. 8 C.F.R § 236.1(d)(1).

The government also cites 8 C.F.R. § 1003.19(h) to argue that IJs do not have the authority to give custody redetermination hearings to paroled noncitizens. Section 1003.19(h)(2)(i)(B) states that an IJ "may not redetermine conditions of custody imposed by" ICE "with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to [§ 1182(d)(5)(A)]." In *Luquez*, I ruled that § 1003.19(h)(2)(i)(B) does not preclude paroled petitioners from receiving a bond hearing if they are detained under § 1226(a) because that regulation implements § 1225(b). No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 6-7. I do so again here.

**B. I waive Gonzalez's exhaustion requirement because administrative appeal would be futile.**

The government argues that Gonzalez must exhaust administrative remedies by appealing the IJ's decision to the BIA. A noncitizen in removal proceedings must appeal an IJ's adverse bond determination to the BIA before seeking habeas review, "unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). This is a prudential requirement, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. I "may waive the prudential exhaustion requirement" if the "pursuit of administrative remedies would be a futile gesture." *Hernandez*, 872 F.3d at 988 (quotation omitted).

It would be futile for Gonzalez to appeal his bond determination to the BIA. The BIA adopted the government's interpretation that § 1225(b)(2)(A) mandates detention of paroled noncitizens like Gonzalez in *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). In *Q. Li*, the BIA held that § 1225(b)(2)(A) lawfully mandated a formerly paroled noncitizen's detention during her removal proceedings due to her parole under § 1182(d)(5)(A). *Id.* at 70-71. Here, the IJ relied on *Q. Li* in deciding she lacked jurisdiction to grant Gonzalez bond, and it "serve[s] as precedent[ ] in all proceedings involving the same issue" before the BIA. 8 C.F.R. § 1003.1(g)(2). "Where the [BIA's] position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." *Szonyi v. Barr*, 942 F.3d 874, 891 (9th

Cir. 2019) (quotation omitted). Therefore, I waive the prudential exhaustion requirement for Gonzalez's petition.

**C. The proper remedy is release.**

The government has now wrongfully detained Gonzalez without a bond hearing for almost seven months. He was detained after his criminal arrest, but the district attorney declined to prosecute. On the record before me, Gonzalez's only other criminal history is a misdemeanor driving under the influence conviction. ECF No. 18-4. Therefore, release, which is "the traditional remedy of habeas corpus," is appropriate. *Preiser*, 411 U.S. at 500.[5]

## II. CONCLUSION

I THEREFORE ORDER that petitioner Hosbin Gonzalez's amended petition for a writ of habeas corpus **(ECF No. 18) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release Gonzalez from the custody of CoreCivic on Wednesday, August 19, 2026 no later than 1:00 p.m. The respondents must transport Gonzalez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Gonzalez's counsel of the estimated time of release for coordination purposes at least one hour before release.

I FURTHER ORDER that the respondents return all of Gonzalez's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Gonzalez during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1).

[5] I do not address Gonzalez's due process arguments because I order his release.

I FURTHER ORDER that respondents are PERMANTENTLY ENJOINED from denying Gonzalez the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER that Gonzalez's motion to file supplemental authority **(ECF No. 22) is GRANTED.**

I FURTHER ORDER the clerk of court to close this case.

DATED this 18th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE